In re Carolyn R. ELLIOTT, Debtor.

Bankruptcy No. 85–04454–W–13.

United States Bankruptcy Court,
W.D. Missouri, W.D.

Sept. 5, 1986.

As Amended Sept. 15, 1986.

**430**

Ronald S. Weiss, Max Jevinsky, Kansas City, Mo., for creditor.

Franz E. Brown, Kansas City, Mo., for debtor.

## ORDER DENYING MOTION FOR RECONSIDERATION FILED BY HURST DIAMOND SHOP, INC.

KAREN M. SEE, Bankruptcy Judge.

After a hearing on the issue of secured status, Hurst's claim was allowed as unsecured. Hurst moved for reconsideration. There are two issues: (1) whether Hurst has a secured claim for collateral misappropriated before bankruptcy by a co-debtor on a contract; and (2) if so, what the value of the secured claim is. Hurst contends it has a secured claim for the fair market value of the collateral.

In November 1984 debtor and her former fiance, Lewis, purchased an engagement ring set from Hurst and executed an installment sales contract to finance the purchase. Hurst duly perfected its security interest in the rings. In August 1985 Lewis disappeared, taking the rings without debtor's permission. There was no evidence that debtor was at fault in the disappearance of the collateral. Lewis has not been heard from since and debtor has no idea of his whereabouts. Debtor and Lewis failed to keep the rings insured as the contract required.

Hurst first contends its security interest in the rings survives, despite the involuntary disposition resulting from misappropriation by Lewis, a co-debtor on the contract. The contract, made in Kansas, is governed by Kansas UCC section K.S.A. 84-9-306(2) (with the 1972 uniform amendment, adopted in 1976). It states: "[A] security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party...." Before amendment the statute read: "a security interest continues in the collateral notwithstanding sale, exchange, or other disposition thereof *by the debtor*...." (emphasis added). Deletion of the phrase "by the debtor" indicates an intent to apply K.S.A. 84-9-306(2) to involuntary dispositions of collateral.

The parties cited no Kansas cases dealing with status of a security interest after misappropriation by a co-debtor or distinguishing between voluntary and involuntary dispositions. UCC 9-306, even without the 1972 amendment, has been interpreted to cover both voluntary and involuntary dispositions. *In Re Stone*, 52 B.R. 305, 307 (Bkrtcy.W.D.Ky.1985). In light of the 1972 amendment, this Court concludes Kansas courts would include both voluntary and involuntary dispositions within the scope of K.S.A. 84-9-306(2). Accordingly, Hurst's security interest in the rings continues despite the disposition which was involuntary as to debtor.

The next question is whether Hurst has a secured claim in debtor's Chapter 13 case. Hurst errs in equating existence of a security interest in the rings with allowance of a secured claim in the bankruptcy proceeding. A claim paid the amount it would receive if secured, but without access to underlying collateral, would simply be an unsecured claim paid on a priority basis outside the statutory priority scheme. By definition, "secured claim" requires availability of collateral to secure the creditor's right to payment. "The obvious fallacy of creditor's position is that it is not able in any way to look to the collateral assigned to it for repayment of its debt irrespective of any position taken by the debtor." *In Re Emarco*, 45 B.R. 627, 629 (Bkrtcy.W.D.Pa.1985). See also 3 *Collier on Bankruptcy*, sec. 506.04 at 506-15 (15th ed. 1986), which notes that secured claim status cannot be based on a lien against property transferred before bankruptcy. The Court concludes that although Hurst has a security interest in the missing rings, it does not have a secured claim in this Chapter 13.

Even if Hurst had a secured claim, as a practical matter the valuation of the claim produces the same result. A claim is secured "to the extent of the value of [the secured] creditor's interest in the estate's interest in such property" and unsecured to the extent the value of the secured portion is less than the allowed claim. 11 U.S.C. 506(a). Thus, the initial valuation must be of the estate's interest in the rings. The value of Hurst's secured claim is dependent on and cannot exceed the value of the estate's interest in the missing rings.

Hurst contends the value of the estate's interest should be the value of the rings before they were taken. The Court disagrees. The evidence was undisputed that the rings were transferred involuntarily before bankruptcy and debtor cannot obtain possession of them. They are the same as destroyed or stolen property. Debtor cannot wear the rings and a trustee could not sell them. The Court finds the estate's interest in the rings is of no value. Therefore, the value of the creditor's interest in the estate's interest is zero. In short, the secured portion of Hurst's claim would be valued at zero and the remainder, i.e. the entire allowed claim, would be payable as an unsecured claim.

Hurst retains a security interest in the rings, and its right to find Lewis and pursue the rings as collateral is unaltered. If debtor somehow regains possession of the rings, Hurst may file an amended proof of claim to have its secured claim valued in light of the changed circumstances.

Finally, Hurst cites debtor's failure to insure the rings. Failure to insure may be a breach of the contract. However, it does not affect the value of the estate's interest in the missing rings or alter the secured/unsecured allocation of Hurst's claim in this Chapter 13 proceeding.

In conclusion, the Court finds that Hurst has a security interest in the missing rings; Hurst does not have a secured claim in this Bankruptcy proceeding; and Hurst's claim is therefore allowed as unsecured.