**In re Patricia Cleo BYRD, Debtor.**

**Bankruptcy No. B87-01425-Y.**

United States Bankruptcy Court,
N.D. Ohio.

April 18, 1988.

James J. Connelly, Warren, Ohio, for debtor.

Joseph C. Lucci, Youngstown, Ohio, for Trustee.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This matter came on before the Court on the Debtor's Objection to a Proof of Claim filed by GORDON JEWELERS ("GORDON") on January 14, 1988. GORDON filed a secured claim for Four Thousand, Eight Hundred Ten & 68/100 Dollars ($4,810.68) with a purchase money security interest in three (3) items: a ladies' diamond chip cocktail ring, a gentleman's diamond ring, and a gentleman's Wittenaur watch. A hearing on the Debtor's Objection was held on March 17, 1988.

The Debtor's Objection is based on the assertion that 11 U.S.C. Sec. 506(a) requires the Court to delineate GORDON's claim as largely unsecured. It appears that although the Debtor was contractually obligated to pay for all three (3) items, she voluntarily gave the gentleman's ring and watch to Mr. Benjamin Warren, 3046 Linwood, Warren, Ohio 44485. Thus, the sole question before the Court is whether the Debtor's voluntary disposition of a secured party's collateral allows her to treat the whole obligation as unsecured except for the fair market value of the collateral she still retains; namely, a ladies' diamond ring.

The same issue was considered in *In re Elliott*, 64 B.R. 429 (Bankr.W.D.Mo.1986). In that case, the debtor and her former fiance purchased an engagement ring set and executed an installment sales contract. The jeweler subsequently perfected a security interest in the rings. Ultimately, however, the debtor's former fiance disappeared, taking the rings without the debtor's permission. The Court in *Elliott* decided that a secured claim by definition requires collateral to secure the creditor's right to payment. Thus, the Court held the value of a creditor's secured claim could not exceed the value of the estate's interest in the collateral. This Court finds the decision reached in *Elliott* to be appropriate. Therefore, the only remaining question is whether this Court ought to extend the *Elliott* rationale to cover cases in which the Debtor has *voluntarily* relinquished control of the collateral. This Court does not find the reasoning in *Elliott* to be dependent on the Debtor's voluntariness in surrendering the collateral and, therefore, reaches the same decision as the Court did in *Elliott*.

Furthermore, there are other reasons for our decision in this case. Under either Texas law or Ohio law, UCC 9–306 provides that a "security interest continues in collateral notwithstanding sale, exchange, or other disposition...." Therefore, it appears that GORDON will have the right to pursue the ring and watch against Mr. Benjamin Warren, who is now in possession of the gentleman's ring and watch. In addition, it appears that this act of conversion could arguably render the Debtor's obligation to GORDON nondischargeable pursuant to 11 U.S.C. Sec. 523(a)(6). *In re Wheeler*, 73 B.R. 220 (Bankr.W.D.Mo.1987); *In re Booth*, 65 B.R. 320 (Bankr.S.D.Ohio 1983); *In re Ricker*, 26 B.R. 862 (Bankr.E.D.Tenn.1983).

No objection has been filed by GORDON challenging the Debtor's fair market valuation of the ladies' cocktail ring at Six Hundred & 00/100 Dollars ($600.00). Therefore, the Court will accept that valuation as appropriate. Accordingly, the Court hereby allows GORDON's claim as a secured claim in the amount of Six Hundred & 00/100 Dollars ($600.00), with the balance of its claim allowed as an unsecured claim.

IT IS SO ORDERED.