**In re Jerome Lee GARRISON, Debtor(s).**

**Bankruptcy No. 3–88–00052.**

United States Bankruptcy Court, E.D. Kentucky, Frankfort Division.

Aug. 6, 1988.

John C. Ryan, Frankfort, Ky., for debtor.

Sidney N. White, Lexington, Ky., Trustee.

Donald L. Abshire, Jr., Louisville, Ky., for creditor.

## OPINION–ORDER

J. WENDELL ROBERTS, Bankruptcy Judge.

This case is before the Court on the objection of the Trustee to the claim of Public Finance Corporation (hereinafter "Public Finance") in the amount of $3,205.95, as a secured claim on the ground that prior to the filing of the petition, the debtor sold the property to a third party. For the following reasons, we sustain the Trustee's objection and disallow the claim as secured.

The debtor became indebted to creditor, Public Finance, under a note and security agreement signed between the parties on May 15, 1987. Under the security agreement, the debtor agreed to pledge certain items of personal property for repayment of the debt. Prior to filing the bankruptcy petition, the debtor sold the creditor's collateral to Stan's Pawn Shop.

Shortly thereafter, the debtor filed for Chapter 13 relief and submitted a plan to the Court treating Public Finance's claim as unsecured. Public Finance objected to the plan, stating that its claim should be treated as secured to the extent of the value of the collateral pledged by the debtor. The debtor and creditor now agree to treat the creditor as secured for $3,000.00 and as unsecured for the balance of the claim. However, the Trustee now objects to the claim of Public Finance as a secured claim on the ground that the debtor sold the collateral to a third person prior to the filing of the bankruptcy case.

The Trustee does not contest that Public Finance may have a security interest in the collateral. However, the Trustee feels that Public Finance must pursue its remedies as a secured creditor against the party who is currently in possession of the collateral and not the debtor's estate. We agree with the Trustee.

In the case of *In re Elliott,* 64 B.R. 429 (Bankr., W.D.Mo.1986), the issue was whether the creditor had a secured claim in

the debtor's Chapter 13 case. The Court stated that while the creditor may have a security interest in the collateral, it would not follow that he would absolutely have a secured claim in the bankruptcy proceeding. The Court states that a secured claim requires availability of the collateral to secure the creditor's right to payment. In the *Elliott* case, the Court disallowed the creditor's claim as secured since the collateral was no longer in the possession of the debtor. The Court stated that if the debtor somehow regains possession of the collateral, the creditor may then file an amended proof of claim seeking "secured status". In this case, the creditor's collateral was sold to a pawn shop prior to the bankruptcy filing. Consequently, since the debtor is no longer in possession of the collateral, the creditor simply has an unsecured claim for purposes of payment in a Chapter 13 plan.

NOW, THEREFORE,

IT IS HEREBY ORDERED that the objection of the Trustee be, and hereby is SUSTAINED and said claim of Public Finance be disallowed as secured. The Trustee does not object to the claim as unsecured.