**In re Wanda Sue ALEXANDER.**

**Bankruptcy No. 98–42598 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Aug. 20, 1998.

Diana Maulding, Little Rock, AR, for Creditor.

Henry Means, Little Rock, AR, for Debtor.

### ORDER OVERRULING OBJECTION TO CONFIRMATION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon an objection to confirmation filed on June 5, 1998, by the creditor Bill Fitts Auto Sales, Inc. The parties stipulated to the facts and briefed the issues for the court.

In 1997, the debtor and her spouse refinanced a 1994 Dodge car and bought a 1990 Chevrolet truck from Bill Fitts Auto Sales, Inc., financing the vehicles at $15,607.80. On May 27, 1998, the debtor filed this bankruptcy case. Although the debtor drives the 1994 Dodge car, and makes provision for the debt related to the Dodge in her plan, her husband, whose whereabouts are unknown, absconded with the truck. In view of the disappearance of the truck, the debtor proposes in her plan to surrender her interest in the truck and treat that claim as unsecured.

The Bankruptcy Code provides in pertinent part that the court shall confirm a plan if, with respect to each allowed secured claim, the holder of the claim accepts the plan, the plan provides for retention of the lien and payment of the value of the collateral, or the debtor surrenders the property securing such claim to such holder. 11 U.S.C. § 1325(a)(5). In the instant case, the debtor proposes to surrender her interest in the 1990 pick-up truck. Bill Fitts Auto Sales objects to this treatment in the plan, asserting that, if debtor surrenders the truck, she must actually produce the property and turn it over to Bill Fitts Auto Sales or provide for payment of its lien through the plan.

In support of its position, Bill Fitts Auto Sales urges the Court to follow *In re Smith*, 207 B.R. 26 (Bkrtcy.N.D.Ga.1997), in which the court sustained an objection to a plan modification proposed under 11 U.S.C. § 1329. In *Smith*, the debtor obtained confirmation of a plan which provided for retention of a vehicle secured by a valid lien. When the vehicle became a mechanical liability, the debtor abandoned the vehicle at the repair shop without paying any of the repair costs, advised the creditor of its location, and sought modification of the plan to surrender the vehicle. The court refused to permit the debt in *Smith* to modify the plan to surrender the vehicle without actually turning the property over to the creditor. *Smith* is distinguishable from the facts of this case on a number of factual and legal grounds, First, *Smith* arises in the plan modification context and, indeed, the discussion limits its application to that context. *See generally, Smith*, 207 B.R. at 30, 31. Secondly, there is an element of culpable behavior on the part of the *Smith* debtor that is not evident in the instant case. In *Smith*, plan confirmation was delayed in the first instance because debtor failed to timely file a federal income tax return, and, immediately after confirmation, virtually abandoned the vehicle at a repair shop, with attendant repair bills.

In contrast, the case authority in which the factual situations are similar, if not identical, to this situation permit the debtor to provide for the claim as unsecured with "surrender" of the estate's interest in the collateral. *See, e.g., In re Gabor*, 155 B.R. 391 (Bkrtcy. N.D.W.V.1993); *In re Elliott*, 64 B.R. 429 (Bkrtcy.W.D.Mo.1986). In *Gabor* and *El-*

*liott,* like this case, codebtors absconded with the collateral, leaving the debtors, apparently blameless, with the debt but no means of satisfying it. This Court determines, like *Gabor* and *Elliott,* that relief or remedy exists for not only the debtor, but also the creditor. The debtor in this case is entitled to her fresh start. She has complied with the Bankruptcy Code by surrendering the collateral The fact that she, through no fault of her own, cannot physically drive the vehicle to the creditor's place of business does not obviate surrender of the vehicle. Second, the creditor has a remedy as well as retention of its lien. Although its claim in the bankruptcy case is unsecured, it retains its lien on the collateral as well as its right to pursue the codebtor. *See In re Gabor,* 155 B.R. 391 (Bankr.N.D.W.V.1993); *In re Elliott,* 64 B.R. 429 (Bkrtcy.W.D.Mo.1986). *Cf. Green Tree Financial Servicing Corp. v. Theobald (In re Theobald),* 218 B.R. 133 (10th Cir. BAP 1998) (the statutory provision regarding surrender is not a mechanism for the creditor to avoid its obligations under state law for proceeding against collateral).

The Court does not believe that this holding will, as urged by the creditor, result in an "open invitation to fraud on the part of any Debtor." The dearth of cases addressing this issue belie this imagining. Further, any evidence of bad faith or fraud on the part of the debtor may result in a different result. Indeed, this Court previously had such a scenario presented and determined that the debtor's bad faith in proposing a plan modification to surrender a vehicle destroyed in a postconfirmation accident precluded plan modification. *See In re Cooper,* 167 B.R. 889 (Bkrtcy.E.D.Ark.1994). Based upon the foregoing, it is

**ORDERED** that the Objection to Confirmation filed on June 5, 1998, by the creditor Bill Fitts Auto Sales, Inc., is Overruled.

**IT IS SO ORDERED.**