**In re Darren A. WALTON, Debtor.**

**Bankruptcy No. 99–02510.**

United States Bankruptcy Court,
M.D. Alabama.

Oct. 5, 1999.

Karen Neal Knight, Montgomery AL, for debtor.

Britt Batson Griggs, Montgomery, AL, for creditor.

Curtis C. Reding, Montgomery, AL, Chapter 13 Trustee.

*Opinion On Objection to Amended Plan In Chapter 13* (Systems and Services Technologies, Inc. (SST))

## RODNEY R. STEELE, Chief Judge.

The question presented by the objection here is whether the debtor can modify his Chapter 13 plan pre-confirmation to treat an otherwise secured creditor on a 1995 Suzuki Sidekick as altogether unsecured under a plan paying zero percent to unsecured creditors, where the vehicle was stolen and stripped between filing of the bankruptcy and the date of confirmation.

### Findings

Debtor filed this Chapter 13 case on May 19, 1999. His plan was to pay SST $9500 at 11% with Specified monthly payments of $260 in satisfaction of his secured debt on a 1995 Suzuki Sidekick Title 11 U.S.C. § 1325(a)(5)(B). Unsecureds were to receive zero percent on their claims. The meeting of creditors was set for June 17, 1999. Confirmation was set for June 28, 1999.

On June 9, 1999 one Ricky Calhoun, who is represented to be a repairman at Pritchard, Alabama, reported to the police at 8:35 a.m. "that he came to work and saw his gate open. Once entering he noticed the vehicle missing".

On June 17, 1999 Debtor filed amended schedules and an amended plan, reporting the loss of the vehicle and proposing to surrender it to SST. Title 11 U.S.C. § 1325(a)(5)(C). Debtor moved the court to buy another vehicle. The plan remained at zero percent to unsecureds. Debtor certified service of this amendment on SST.

No objections were filed by SST at the meeting of creditors, and on June 30, 1999 the order of confirmation entered providing for zero percent to unsecureds, and surrender of the vehicle to SST. Debtor was authorized to purchase another vehicle.

On July 1, 1999 SST filed this objection to the amended plan, asserting that the theft was not substantiated, that the debtor could not deliver the vehicle, so could not use Section 1325(a)(5)(C) and that there was no insurance to cover the lost vehicle. SST sought treatment as a fully secured creditor.

The stripped vehicle was recovered and towed to a wrecker yard in Pritchard, Alabama.

### Conclusions

The plan was properly confirmed as amended.

The theft has been substantiated by the police report. There is some question why the vehicle was in Pritchard for repair while the debtor was in Montgomery. But there is no showing that the Debtor was guilty of any fraud, or improper conduct in the loss of the vehicle.

The vehicle has been recovered and is available to SST. It is probably of nominal value, and may not be worth recovery by SST.

The argument by SST that since the vehicle cannot be recovered, the Debtor cannot use Section 1325(a)(5)(C) in treating SST under the plan is undercut by the recovery. But this issue is met by the holding in *In re Wanda Sue Alexander*, U.S.B.C.E.D. Arkansas, 1998, 225 B.R. 665. There Judge Scott, in a similar case, where confirmation had not occurred before the loss of the vehicle (there by the Debtor's "absconding" husband) found that the Debtor was not at fault in being unable to deliver the car. The creditor still had his remedies, though they might not have much worth.[1] Here there is a possibility of some insurance recovery, in which the Debtor has offered to assist.

---

1. Judge Scott cites *In re Gabor*, 155 B.R. 391 U.S.B.C.N.D.W.V.1993 and *In re Elliott*, 64 B.R. 429 U.S.B.C.W.D.Mo.1986, which treat similar absconding cases.