**In re Robert E. O'CONNOR, III, Debtor.**

**No. 01–13925.**

United States Bankruptcy Court, S.D. Alabama.

Jan. 16, 2002.

Gary P. Alidor, Sr., Mobile, AL, for Debtor.

James A. Johnson, Mobile, AL, for Washington Mutual Finance, L.L.C.

## ORDER

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the motion of Washington Mutual Finance, L.L.C. to require debtor to comply with § 521(2) of the U.S. Bankruptcy Code. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, this Court finds that the debt to Washington Mutual Finance, L.L.C. is unsecured and § 521(2) of the Bankruptcy Code does not apply.

## FACTS

Robert E. O'Connor filed for chapter 13 bankruptcy relief on August 6, 2001. Prior to filing, Mr. O'Connor took out a loan with Washington Mutual Finance, L.L.C. to purchase an engagement ring. Mr. O'Connor gave the ring to his fiancé. Since that time the ring has been in the possession of his fiancé who has since married Mr. O'Connor. Mr. O'Connor was not married when he filed bankruptcy. Mr. O'Connor did not list the ring as part of his personal property in his schedules, but listed the debt to Washington Mutual Finance.

## LAW

The threshold issue is whether the engagement ring should be considered property of Mr. O'Connor's bankruptcy estate. Section 541 of the Bankruptcy Code states that "property of the estate" includes "all legal or equitable interests of the debtor in property as of the commencement of the case." Washington Mutual claims that the ring is property of O'Connor's estate and that the debt to Washington Mutual is secured by the ring. The issue is whether Mr. O'Connor can lose or give away possessions of collateral and have the debt then become unsecured, at least as it relates to him.

The case law is clear that if the ring had been taken involuntarily from the debtor it would not be property of the bankruptcy estate and could not support a secured claim. In *In re Elliott*, 64 B.R. 429 (Bankr.W.D.Mo.1986), the court held that although the creditor might have a secured claim in the property, it did not have a secured claim in the bankruptcy estate. In the *Elliott* Case, the debtor and her fiancé purchased an engagement ring set and then the fiancé disappeared, taking the rings with him without the debtor's permission. *Id.* at 430. The *Elliott* court found that although the security interest continued in the rings, for the creditor to have a secured claim against the debtor the collateral must be available to secure the creditor's right to payment. *Id.* The *Elliott* court found that the security interest survived the ring pursuant to Kan. Stat. Ann. § 84–9–306(2) which provides: "[A] security interest continues in collateral notwithstanding sale, exchange or other disposition thereof unless the disposition was authorized by the secured party ..." If the creditor had a secured claim, it would only be "to the extent of the value of [the secured] creditor's interest in the estate's interest in such property." *Id.* at 431. In the *Elliott* case the court found that the estate's interest in the collateral was zero. *Id.* Therefore, there was no secured claim. Alabama has adopted an identical provision. See Ala.Code § 7–9–306(2) (1975).[1] The logic of the *Elliott* case applies in Alabama as well.

This case is different than the *Elliott* case, however. The ring was not taken from the debtor involuntarily, but was voluntarily given to debtor's fiancé who later became debtor's wife. However, cases have held that even where the collateral was voluntarily transferred the creditor "must pursue its remedies as a secured creditor against the party who is currently in possession of the collateral and not the debtor's estate." *In re Garrison*, 95 B.R. 461 (Bankr.E.D.Ky.1988); see also *In re Pitcock*, 208 B.R. 862 (Bankr.N.D.Tex. 1997) ("Once the collateral was completely spent, the Bank could no longer assert a secured claim to the pasture rents."); *In re Byrd*, 92 B.R. 238, 239 (Bankr.N.D.Ohio 1988) ("This Court does not find the reasoning in *Elliott* to be dependent on the Debtor's voluntariness in surrendering the collateral ... [S]ince the debtor is no longer in possession of the collateral, the creditor simply has an unsecured claim for purposes of payment in a Chapter 13 plan.") *Garrison*, 95 B.R. at 462. The creditor would only have a secured claim to the extent of the estate's interest in the property. The ring was not in the debtor's possession at the time of filing and remains in the possession of a third party, debtor's wife. The estate's interest in the ring is zero. If the transfer were fraudulent or malicious then perhaps the obligation would be nondischargeable under § 523 of the Bankruptcy Code. There has been no such allegation in this motion and an adversary proceeding would be necessary to raise such an issue.

THEREFORE IT IS ORDERED that the motion of Washington Mutual Finance, L.L.C. to require debtor to comply with § 521(2) of the U.S. Bankruptcy Code is DENIED.

---

1. Ala.Code § 7–9–306(2) (1975) is repealed effective January 1, *2002*. Alabama has replaced that provision with Ala.Code § 7–9A–315(a) which has similar wording. Regardless of which statute is controlling in this matter, this Court finds that the result would be the same.