**In re Lori Jane ANDERSON, Debtor.**

No. 5:04–bk–74389.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

Oct. 13, 2004.

Jack L. Martin, Springdale, AR, for Debtor.

Ronald L. Boyer, Rogers, AR, for Bank of Seligman.

Joyce B. Babin, chapter 13 trustee.

## OPINION

RICHARD TAYLOR, Bankruptcy Judge.

Before the Court is the "Objection to Plan" filed August 6, 2004, by the Bank of Seligman, f/k/a First Independent Bank of Seligman, Missouri [the Bank]. The Court took this matter under advisement following the October 5, 2004, hearing. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The following order constitutes findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052.

### FACTUAL BACKGROUND

On June 3, 2002, Debtor and her husband [the Parties] gave the Bank a first lien on a "1997 Sun Tracker 25' Party Barge Pontoon Boat" and a "1998 Mercury 115 HP Outboard Motor." Later, on July 1, 2002, the Parties granted the Bank a first lien on a "1997 Seadoo Speedster" and a "1997 Trailer" [collectively the collateral].

Thereafter the parties divorced. Debtor testified that her husband was awarded the collateral in the divorce decree. Debtor further testified that she does not know the location of the above items because her ex-husband will not disclose what he has done with the collateral.

On June 30, 2004, Debtor filed for Chapter 13 relief. In her schedules and proposed Chapter 13 plan, Debtor lists the Bank's collateral as property to be surrendered. The Bank objects to confirmation of the plan on the ground that Debtor is unable to surrender the collateral because she is not in possession of the items and does know their whereabouts. Debtor argues that she is able to surrender the

collateral because she merely has to relinquish whatever interest she has in the property.

For the following reasons the Court finds that the Bank's objection to confirmation of plan is overruled, and the Plan is confirmed. Absent fraud or other conduct inconsistent with the good faith provisions of the bankruptcy code, Debtor is entitled to surrender the collateral without being able to physically return the collateral to the Bank.

## DISCUSSION

■ The Code gives a chapter 13 debtor the option to surrender property to a secured creditor. 11 U.S.C. § 1325(a)(5)(C). One Arkansas bankruptcy court has concluded that "surrender" in the context of § 1325(a)(5)(C) means the relinquishment of any rights a debtor has in the collateral. *In Re Alexander,* 225 B.R. 665 (Bankr.E.D.Ark.1998). In *Alexander,* a chapter 13 debtor proposed to surrender a truck with which the debtor's husband had absconded. The *Alexander* court found that absent evidence of bad faith or fraud on the part of the debtor, the debtor could surrender her interest in the collateral without the necessity of actually delivering the property to the creditor. *Id.* at 666. The *Alexander* court reasoned:

> [r]elief or remedy exists for not only the debtor, but also the creditor. The debtor in this case is entitled to her fresh start. She has complied with the Bankruptcy Code by surrendering the collateral[.] The fact that she, through no fault of her own, cannot physically drive the vehicle to the creditor's place of business does not obviate surrender of the vehicle. Second, the creditor has a remedy as well as retention of its lien. Although its claim in the bankruptcy case is unsecured, it retains its lien on

the collateral as well as its right to pursue the codebtor.

*Id.* at 667.

■ This Court agrees with the *Alexander* court's reasoning, and overrules the Bank's objection. No evidence of bad faith or fraud on the part of the Debtor was presented to the Court. Therefore, the Debtor is entitled to surrender her interest in the collateral under § 1325(a)(5)(C) even without being able to physically deliver the collateral to the Bank. The Bank is not without recourse. It still has a lien on the collateral and the right to pursue the ex-husband. Also, the plan provides for any deficiency to be treated as a general unsecured claim. The Court notes that the Bank already has a state court Judgment and Order of Delivery against the Debtor and her ex-husband. Furthermore, criminal remedies exist if a bankruptcy crime has been committed.

IT IS SO ORDERED