In re William CORNEJO, Debtor.

No. 6:04–BK–020580–ABB.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Feb. 8, 2005.

Flavio E. Alvarez, Kissimmee, FL, for Debtor.

## ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came on Insight Financial Credit Union's ("Insight Financial" or "Creditor") Motion for Rehearing on movant's Motion to Dismiss (Doc.12). Creditor's Motion to Dismiss (Doc.6) was denied in a previous Order (Doc.10). The following Findings of Fact and Conclusions of Law are made after reviewing all of the evidence.

### FINDINGS OF FACT

Debtor filed a Chapter 7 petition listing a 1994 Dodge Caravan ("collateral") as exempt property pursuant to 11 U.S.C. § 522(b)(2). Insight Financial filed a Motion to Dismiss Case based on Debtor's failure to comply with 11 U.S.C. § 521(2). An evidentiary hearing was held with the Debtor present and the Creditor represented by counsel. It was learned then the collateral was in a repair shop, subject to a mechanics lien. An Order denying the Motion to Dismiss, deeming the collateral surrendered by the Debtor, was entered on August 6, 2004.

A Motion for Rehearing (Doc.19) was filed on August 18, 2004 but did not contain substantial grounds for a rehearing. The Motion for Rehearing was granted in an abundance of caution and the Motion to Dismiss was set for December 15, 2004. Insight Financial is requesting Debtor's case be dismissed based upon the Debtor's failure to comply with 11 U.S.C. § 521(2).

Debtor filed a Motion to Inform regarding the location of the collateral (Doc.26). Creditor has acknowledged it might abandon the collateral if the mechanics lien is not satisfied. Evidence of bad faith or fraud on the part of the debtor has not been established. Debtor has made a good faith effort, under the circumstances, to comply with his statutory responsibility.

### CONCLUSIONS OF LAW

The Motion to Dismiss is based upon Debtor's failure to comply with 11 U.S.C. § 521(2). The purpose of 11 U.S.C. § 521(2) is to provide secured creditors notice of debtor's intentions with respect to the retention or surrender of collateral. Debtor has communicated his intention to surrender the collateral to the Creditor. Creditor construes the term "surrender" to provide for the turnover of actual possession of the collateral. Creditor is requesting Debtor satisfy the mechanics lien and physically deliver vehicle to Creditor when it is not feasible nor consistent with the Debtor's entitlement to a fresh start.

The purpose of 11 U.S.C. § 521 is to notice secured creditors of debtor's intentions early in the case.[1] The legislative history for § 521(2)(A) came from a proposal submitted by a coalition of bankers, credit unions, finance companies, oil companies and retailers:[2]

The coalition explained how secured creditors often had no information con-

---

1. *In re Parker*, 142 B.R. 327 (Bkrtcy.W.D.Ark. 1992) (internal citations omitted).

2. *In re Parker*, 142 B.R. at 328 (citing "Proposed Consumer Bankruptcy Improvements Act of 1981," *Hearings Before the Subcommittee on Courts of the Senate Committee on the Judiciary, 97th Congress, 1st Session J–97–11 (1981)).

cerning their collateral. The automatic stay prohibits contact with the debtor and the secured creditor would not know about the fate of its collateral. The secured creditor would often incur the expense of filing an adversary proceeding to lift the stay only to learn the debtor intended to surrender the collateral without a contest. The solution was to require an early disclosure of the debtor's intention with respect to the property. The creditor would proceed, if aware of the debtor's intentions, to either entering a reaffirmation agreement, picking up the collateral, or seeking to modify the stay.

The legislative history indicates the purpose of 11 U.S.C. § 521 was to require the debtor to affirmatively disclose his intent to surrender or retain the collateral. The legislative history does not support an interpretation of the term surrender as requiring a debtor to physically deliver actual possession of the collateral to the creditor's place of business when it is not feasible.

The 11th Circuit Court of Appeals held 11 U.S.C. § 521(2) does not permit a Chapter 7 debtor to retain collateral without redeeming the collateral or reaffirming the debt.[3] Debtor is not retaining the collateral in this case; Debtor is surrendering the collateral. The *Taylor* decision does not discuss the debtor's third option of surrendering the collateral, except to acknowledge it in a footnote: [s]urrender provides debtor surrender the collateral to the lien holder who disposes it pursuant to state law.[4] The footnote in *Taylor* notes debtor has the option to surrender but does not define the term surrender.

The Code, pursuant to 11 U.S.C. § 101, does not define the parameters of the term surrender. The term "surrender," in the context of a Chapter 13 plan, means the relinquishment of any rights a debtor has in the collateral.[5] The Bankruptcy Code provides a Chapter 13 debtor the option to surrender property to a secured creditor. 11 U.S.C. § 1325(a)(5)(C). A Chapter 13 debtor in *Anderson* was entitled to surrender the bank's collateral, even though she was unable to physically deliver the collateral to the bank. The collateral was awarded to her former husband in a divorce decree. The court noted evidence of bad faith or fraud on the part of the debtor was not established.[6]

A Chapter 13 debtor can surrender a vehicle without delivering the vehicle to the creditor, where debtor's husband, through no fault of debtor, had absconded with the vehicle.[7] The court noted debtor's failure, through no fault of her own, to physically drive the vehicle to creditor's place of business does not obviate surrender of the vehicle.[8] The case law defining the term surrender in a Chapter 13 context is applicable to a Chapter 7 case.

■ The provision of 11 U.S.C. § 521 requiring Chapter 7 debtors to provide a statement of their intent regarding estate property is simply a notice statute.[9] The Bankruptcy Code uses the word "deliver" when turning over physical possession is

---

3. *In re Taylor,* 3 F.3d 1512 (11th Cir.1993).

4. *Id* at 1514 n. 2.

5. *In re Anderson,* 316 B.R. 321, 323 (Bankr. W.D.Ark.) (citing *In re Alexander,* 225 B.R. 665 (Bankr.E.D.Ark.1998)).

6. *Id.*

7. *In re Alexander,* 225 B.R. at 667

8. *Id.; See also In re Gabor,* 155 B.R. 391 (Bkrtcy.N.D.W.V.1993); *In re Elliott,* 64 B.R. 429 (Bkrtcy.W.D.Mo.1986).

9. *In re Kasper,* 309 B.R. 82, 104 (Bkrtcy.D.C. 2004).

contemplated.[10] The Code draws a distinction between delivering and surrendering property.[11] The term surrender in 11 U.S.C. § 521(2)(A) was not intended to mean turning over physical possession to the lien holder.[12]

■ The Debtor relinquishes its interest in the collateral when an intention to surrender is communicated. The collateral becomes part of the bankruptcy estate, since the vehicle would not be claimed as exempt, pursuant to 11 U.S.C. § 522(b)(2). The vehicle surrendered is encumbered by a mechanics lien, in addition to Insight Financial's lien. There is negligible value in the collateral for the benefit of the estate. The trustee would likely abandon the vehicle under these circumstances providing Insight Financial an opportunity to enforce its lien.

■ A fundamental purpose of the Code is to permit debtors to reorder their affairs, make peace with creditors, and enjoy a new beginning, unhampered by the pressures of preexisting debt.[13] Debtors have a right to a fresh start.[14] Debtor has exercised good faith and provided Creditor notice of his intention and reasonable access to the collateral. The vehicle is no longer in the Debtor's possession.

Each of the Creditor requested relief would reach a result inconsistent with the purpose of the Code. Creditor is requesting Debtor satisfy the mechanics lien and deliver vehicle to Creditor or reaffirm the debt or redeem the collateral. Reaffirmation or redemption contemplates a feasible use of the collateral by the Debtor. Redemption permits the debtor to retain the collateral by paying the creditor the value of the collateral.[15] A reaffirmation contract allows the debtor to retain property that would otherwise be liquidated.[16] It is not feasible for the Debtor to redeem the collateral or reaffirm the debt or deliver the collateral to Insight Financial, and satisfy the mechanics lien.

The surrender of the collateral by the Debtor is authorized by the Code pursuant to 11 U.S.C. § 521(2)(A). Debtor has complied with the Bankruptcy Code and the *Taylor* decision by giving notice of his surrender of the collateral pursuant to 11 U.S.C. § 521(2)(A). The vehicle is deemed surrendered at the repair shop by the Debtor. The Motion to Dismiss is due to be denied. Therefore, it is

**ORDERED, ADJUDGED AND DE-CREED** that Insight Financial Credit Union's Motion to Dismiss (Doc.6) is **DENIED;**

**10.** 11 U.S.C. § 543(b) (requiring a custodian to deliver property of the debtor to the trustee unless excused under § 543(d)); *Kasper,* 309 B.R. at 92 & n. 16.

**11.** 11 U.S.C. § 727(d)(2); *Kasper,* 309 B.R. at 92 n. 16.

**12.** *Id.* at 90.

**13.** *In re Johnson,* 318 B.R. 907, 920 (Bankr. N.D.Ga.2005) (citing *Grogan v. Garner,* 498 U.S. 279, 286–87, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991)).

**14.** *In re Cox,* 338 F.3d 1238, 1242–43 (11th Cir.2003).

**15.** *Collier on Bankruptcy,* 15th Ed. Revised: ¶ 1.03[2][d].

**16.** *In re Egwim,* 291 B.R. 559, 567 (Bankr. N.D.Ga.2003).